STRINGER, Judge.
Appellant, Donnie Bowman, appeals the trial court’s order granting the State’s motion to redetermine his ability to pay a sentencing fine. Bowman alleges that the trial court was without jurisdiction to modify his fine payment schedule. We agree and reverse.
On November 21,1986, Bowman pleaded guilty to trafficking cocaine and conspiracy to traffic cocaine. On January 29,1987, he was sentenced to consecutive three-year prison terms followed by three years’ probation on the conspiracy charge. In addition, Bowman was ordered to pay a $50,-000 fine on the trafficking charge within five years and a $50,000 fine on the conspiracy charge within ten years.
An order to show cause was issued on March 20, 1992, ordering Bowman to show cause why he should not be held in contempt for failing to make any payments toward the $50,000 fine on the trafficking charge which was due to be paid by January 29, 1992. At the show cause hearing on April 1, 1992, the trial court ordered Bowman to pay $5 per week toward the fine and to file a financial affidavit with the court every six months. The record is silent as to whether Bowman was found to be in contempt of court. Bowman has made each of the $5 per week payments, but he has failed to file any financial affidavits.
On October 7, 1996, the State filed a motion to enforce the order and modify Bowman’s fine payment schedule. The State also requested a redetermination by the court of Bowman’s ability to pay. After a hearing on the motion, the court entered an order directing Bowman to pay $500 per week toward both fines and the accrued interest.
On appeal, Bowman argues that the order increasing the amount of his fine payments was improper because it was not authorized by Florida Rule of Criminal Procedure 3.800(c) which permits modification of a legal sentence within sixty days of its imposition. In response, the State argues that rule 3.800(c) is not applicable because the trial court’s order neither modified nor increased the original fine, but rather was an act within the court’s inherent jurisdiction to enforce a legally imposed sentence, i.e. payment of the fine. We disagree.
The trial court’s order, in effect, enlarges the time for payment of the total fines beyond the five-year and ten-year periods ordered by the trial court when Bowman was sentenced. This is a modification of the sentence, just as decreasing the time within which to pay a fine would be considered modification. Since the order was entered more than sixty days after imposition of the sentence, the court was without jurisdiction to modify the payment schedule.[1] We, therefore, reverse the trial *1220 court’s order imposing the $500 per month payment.
PARKER, A.C.J., and BLUE, J., Concur.

. Florida has no statute similar to the federal statute governing payment of fines, which *1220 granis a federal court jurisdiction to subsequently modify a payment schedule. See 18 U.S.C. § 3572(d)(3) (Supp.1997). That federal statute provides as follows:
(3) A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.